IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SUDDARTH & SON ASPHALT PAVING COMPANY, INC, <br><br> Plaintiffs, <br><br> v. <br><br> DEVELOPERS DIVERSIFIED REALTY CORPORATION a/k/a DDR CORP., BRE DDR ERIE MARKETPLACE, LLC and DDR SOUTHEAST WEST 26th DST, LLC, <br><br> Defendants. <br><br> CONTROL BUILDING SERVICES, INC.; CONTROL EQUITY GROUP, INC.; EDWARD TUREN, individually and NEAL TUREN, individually, <br><br> Additional Defendants. | Civil Action No. 1:13-232 |

## **MEMORANDUM ORDER**

AND NOW, this 30th day of August, 2013, upon consideration Defendants' Motion to Remand, [12], Plaintiffs' Motion to Remand [20], all related briefing [13], [15], [21], and in light of Third Circuit precedent that holds "it is settled that the removal statutes are to be strictly construed against removal," *Steel Valley Authority v. Union Switch and Signal Division, et al.*, 809 F. 2d 1006, 1010 (3d Cir. 1987),

IT IS HEREBY ORDERED THAT said Motions to Remand [12] and [20] are GRANTED. In so holding the Court notes the following. This is a business dispute for breach of contract and fraud stemming from a construction company located in Erie, Pennsylvania. (Docket No. 1). Plaintiffs filed suit against Defendants in June 2013 in the Court of Common Pleas of Erie County. (*Id.*). Defendants filed a Complaint to Join Additional Defendants on June

20, 2013 for indemnification based on a Guaranty Agreement. (*Id.*). On July 30, 2013, the Additional Defendants removed this case to federal court under 28 U.S.C. §§1452(a) and 1334(b), claiming that the case was "related to" a bankruptcy proceeding on the basis that one of the Additional Defendants' affiliated subsidiaries "Oxford," which is not a party to this litigation, is in Bankruptcy Court in the District of New Jersey. (*Id.*). The fact that a defendant <u>may</u> seek indemnity from a bankruptcy estate does not necessarily make a proceeding "related to" a bankruptcy. *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds*; *see also In re W.R. Grace & Co.*, 591 F.3d 164 (3d Cir. 2009); *Steel Workers Pension Trust v. Citigroup, Inc.*, 295 B.R. 747 (E.D. Pa. 2003). Considering all the facts of the matter as pled in the Plaintiffs' Complaint (Docket No. 1 at 1), the Defendants' Complaint to Join Additional Defendants, (*Id.*), Additional Defendants' Notice of Removal, (Docket No. 1), and in light of the legal standard that "all doubts should be resolved in favor of remand," *Steel Valley Authority*, 809 F. 2d at 1010, the Court finds that Additional Defendants' tenuous link to the New Jersey bankruptcy proceeding are insufficient to create jurisdiction in this Court. *See Pacor*, 743 F.2d 984; *In re W.R. Grace*, 591 F.3d 164.

IT IS FURTHER ORDERED that this case shall be remanded to the Court of Common Pleas of Erie County, forthwith;

IT IS FURTHER ORDERED that the Clerk of Court shall mail a certified copy of this order to the clerk of the Court of Common Pleas of Erie County pursuant to 28 U.S.C § 1447(c); and,

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.